No. 24-1384

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

BENJAMIN LOCKE,

*Plaintiff-Appellant*,

v.

NORTH CAROLINA STATE UNIVERSITY,

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Eastern District of North Carolina
Case No. 5:22-cv-344-FL
The Honorable Louise W. Flanagan

## MOTION FOR SUMMARY DISPOSITION

Pursuant to Local Rule 27(f), Plaintiff-Appellant Benjamin Locke moves for summary disposition of this appeal. In light of this Court's recent decision in *John Doe 2 v. North Carolina State University*, No. 23-2073, 2025 WL 37340 (4th Cir. Jan. 7, 2025), "the issue[] raised on appeal [is] . . . manifestly unsubstantial and appropriate for disposition by motion," Loc. R. 27(f). Defendant-Appellee North Carolina State University, through its counsel, does not oppose the motion.

## PROCEDURAL HISTORY

Mr. Locke brought suit pressing a claim, as relevant here, under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et seq., against North Carolina State University for its deliberate indifference that allowed a school athletic trainer, Robert Murphy, to abuse him repeatedly. *See* Dist. Ct. Doc. 1 ¶¶ 100-24. He also brought tort claims against Mr. Murphy, among others, including the University. *See id.* ¶¶ 125-32, 147-79. On September 11, 2023, the District Court dismissed Mr. Locke's Title IX claim against Appellee on the basis that he had failed to plead that the University received actual notice of Mr. Murphy's sexual abuse, while allowing his claim against Mr. Murphy to proceed. *See Locke v. N. Carolina State Univ.*, No. 5:22-CV-344-FL, 2023 WL 5916455, at *2-*5 (E.D.N.C. Sept. 11, 2023). The following April, the District Court granted Mr. Locke's motion to certify an interlocutory appeal on solely the Title IX issue. *Locke v. N. Carolina State Univ.,* No. 5:22-CV-344-FL, 2024 WL 1588577 (E.D.N.C. Mar. 25, 2024).

On May 1, 2024, this Court granted Mr. Locke's application for an interlocutory appeal. Doc. 18, *Locke v. N. Carolina State Univ.*, No. 24-148. After transferring the case to the general docket, the Court then

placed the case in abeyance pending disposition of a related case brought by another of Mr. Murphy's victims, "John Doe 2," against the University, *John Doe 2 v. North Carolina State University*, No. 23-2073. *See* Docs. 2, 7. That case, which involved only a Title IX claim against North Carolina State, had been dismissed by the same District Court Judge on the same basis as Mr. Locke's. *See Doe 2 v. N. Carolina State Univ.*, No. 5:23-CV-216-FL, 2023 WL 5916451, at *2-*4 (E.D.N.C. Sept. 11, 2023), *vacated and remanded sub nom. Doe 2 v. N. Carolina State Univ.*, No. 23-2073, 2025 WL 37340 (4th Cir. Jan. 7, 2025). As a final order, the *John Doe 2* case got appealed first, and more quickly than Mr. Locke's interlocutory appeal on the Title IX issue only.

On January 7, 2025, this Court decided *Doe 2*. *See John Doe 2 v. N. Carolina State Univ.*, No. 23-2073, 2025 WL 37340 (4th Cir. Jan. 7, 2025). There, the Court held that that Mr. Doe had adequately alleged that the University receiving a report of Mr. Murphy's prior sexual abuse by Coach Kelly Findley reporting Murphy's "sexual grooming of male student-athletes" could make out actual notice if made to an appropriate person. *Id.* at *3. The Court explained that, "[d]rawing all reasonable inferences in Doe's favor, 'a reasonable official would construe' [the coach's]

3

report of "sexual grooming" as alleging sexual harassment. That's because [the] report specified wrongful conduct that was sex-based, current, and committed by an employee with authority over student athletes." *Id.* at \*6.

## LEGAL STANDARD

Summary disposition is appropriate where "the issues raised on appeal are in fact manifestly unsubstantial and appropriate for disposition by motion." Loc. R. 27(f). Where this court holds an "appeal in abeyance pending" the outcome of another case that "was materially indistinguishable," it may grant a motion for summary disposition based upon that other case's outcome. *Mary Helen Coal Corp. v. Hudson*, 235 F.3d 207, 209 (4th Cir. 2000). The issue having been recently decided by this Court supports summary disposition—in this case vacatur and remand, which is the same disposition granted by this Court in *Doe 2*—because "summary reversal does not decide any new or unanswered question of law, but simply corrects a lower court's demonstrably erroneous application of federal law." *United States v. Brookins*, 345 F.3d 231, 237 n.6 (4th Cir. 2003) (emphasis removed). Indeed, this Court grants summary disposition in appeals held in abeyance pending the outcome of a different case

4

presenting the same legal issue, even where the facts may differ between the two cases. *See, e.g.*, *United States v. Williams*, No. 15-4522, *4 (4th Cir. Nov. 3, 2016) (granting motion for summary reversal in appeal previously held in abeyance, because of Court's resolution of *United States v. Barlow*, 811 F.3d 133 (4th Cir. 2015)); *see also Planned Parenthood S. Atl. v. Wilson*, No. 21-1369, 2022 WL 2900658, at *1 (4th Cir. July 21, 2022) (granting motion for summary vacatur because of intervening Supreme Court decision).

## ARGUMENT

This Court should grant Mr. Locke's motion for summary disposition because, in light of *Doe 2*, the presented issue is "unsubstantial" and full briefing is not necessary, Loc. R. 27(f). Mr. Locke's Title IX claim against the University turns on the same Coach Findley report at issue in *Doe 2*, and it is described in his case in "materially indistinguishable" terms from the *Doe 2* allegations. *Mary Helen Coal Corp.*, 235 F.3d at 209. In Mr. Locke's complaint, he describes the report multiple times:

- "Head Soccer Coach Kelly Findley told Defendant Clinkscales, before Clinkscales left NCSU on or about February 26, 2016, that Murphy was engaging in conduct with male student-athletes that

5

he believed was consistent with 'grooming' behavior[.]" Dist. Ct. Doc. 1 ¶ 83.

- "Defendants had a duty to act in good faith in responding to *Findley's report of Murphy's potential sexual harassment*." *Id.* ¶ 107 (emphasis added).

- "NCSU [and individual defendants] discriminated against Locke when they decided not to address or inadequately addressed *Coach Findley's concern that Murphy was grooming student-athletes for sexual purposes*." *Id.* ¶117 (emphasis added).

- "Defendants' failure to act in good faith on *Findley's credible allegations of sexual impropriety or grooming behavior by Murphy towards student-athletes* demonstrated willful and/or wanton and/or reckless disregard for the rights and safety of others, to wit, hundreds of student-athletes, including Locke." *Id.* ¶ 176 (emphasis added).

Taken together, and viewed in the light most favorable to Mr. Locke, the above descriptions of the coach's report in Mr. Locke's complaint are functionally identical to and "materially indistinguishable" from the description of the same report in Mr. Doe's complaint. Mr. Doe

6

2 alleged that Coach Findley reported "that Murphy was engaging in what [Findley] suspected was sexual grooming of male student-athletes." *Doe 2*, 2025 WL 37340, at *2. Mr. Locke alleges the coach reported that he believed Murphy was engaged in "grooming," Dist. Ct. Doc. 1 ¶¶ 83, 117, 176, or "harassment," *id.* ¶ 107, that was "sexual," ¶¶ 107, 117, 176, and targeted "male student-athletes," *id.* ¶ 85.

Accordingly, a straightforward application of *Doe 2* demonstrates that for all the same reasons the Coach Findley's report was a report of sexual harassment in *Doe 2,* so was his report in this case: As alleged in both plaintiffs' complaints, the "report specified wrongful conduct that was sex-based, current, and committed by an employee with authority over student athletes." *Doe 2*, 2025 WL 37340, at *2 at *6.

## CONCLUSION

For the reasons described above, the Court should resolve this case without full briefing and remand it to district court in light of its recent decision in *Doe 2*.

February 17, 2025              Respectfully submitted,

                                          /s/ *Jim Davy*
                                          Jim Davy
                                          ALL RISE TRIAL & APPELLATE
                                          P.O. Box 15216

7

Philadelphia, PA 19125
(215) 792-3579
jimdavy@allriselaw.org

/s/ *Kerstin W. Sutton*
Kerstin W. Sutton
KERSTIN WALKER SUTTON PLLC
3215 Deerchase Wynd
Durham, NC 27712
(919) 698-9555
kws@kwsutton.com

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,221 words. This brief complies with the typeface and typestyle requirements of Federal Rule of Appellate Procedure 27(d)(a)(E) because this motion has been prepared in a proportionally spaced typeface using Microsoft Office 365 in 14-point Century Schoolbook font.

Dated: February 17, 2024            */s/ Jim Davy*
                                    Jim Davy
                                    Counsel for Plaintiff-Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fourth Circuit by using the CM/ECF system. All participants are registered CM/ECF users and will be served by the CM/ECF system.

Dated: February 17, 2024　　　　*/s/ Jim Davy*
　　　　　　　　　　　　　　　　Jim Davy
　　　　　　　　　　　　　　　　Counsel for Plaintiff-Appellant